Joseph W. Brown, Respondent, *v.* John R. Todd, Appellant.

*Master and servant — defective material furnished for use in a scaffold which falls and injures an employee.*

Where carpenters, employed by the owner of a house in process of construction, seek directions from him as to the material to be used by them in building horses to be employed in constructing a scaffold, and are directed to use certain material which is just sufficient in quantity for the number of horses required, the owner is liable to a carpenter who, not having assisted in selecting the material for the horses or in constructing them or the scaffold, is injured in consequence of the collapse of the scaffold resulting from the fact that one of the headers of the horses supporting it was made of material not fit for the purpose.

APPEAL by the defendant, John R. Todd, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of April, 1899, upon the verdict of a jury for $3,500, and also from so much of an order entered in said clerk's office on the 5th day of April, 1899, as denied the defendant's motion for a new trial made upon the minutes.

*Charles J. Hardy*, for the appellant.

*John M. Gardner*, for the respondent.

PATTERSON, J. :

On the trial of this cause there was a serious conflict of evidence as to every material fact, except the defendant's employment of the plaintiff, the immediate cause of the accident which befell the latter, and the grave injuries he sustained in consequence thereof. It is sought to visit responsibility for those injuries upon the defendant, on the allegation that it was his personal negligence to which the accident is attributable. An investigation of the record discloses that the verdict of the jury has necessarily established the following facts, viz. : The defendant was the owner of certain premises in the city of New York upon which there was being erected for him a large building, which, on the 19th of June, 1896, was partially completed. The plaintiff was a carpenter, and on the day mentioned, at about eight o'clock in the morning, he went to the building in company with one Springsteel ; was there introduced to the defendant and employed by him to assist in the carpentering work, and was immediately set to work on the fourth floor of the building in sawing boards into various lengths. The ceiling of the fourth floor was to be of boards tongued and grooved. It was to be part of the plaintiff's work to assist in putting up the ceiling. The distance from the floor to the ceiling was some ten feet, and it was, therefore, necessary that a platform, scaffolding or staging should be set up upon which the carpenters might stand while working. A scaffold consisting of five forms, called horses, on which planks were laid, was made or prepared by other employees of Todd, who may be called fellow-servants of the plaintiff. The plaintiff had no part whatever in the building of the scaffold or the

selection of the material, or putting it together, as the verdict of the jury establishes. The horses were in the shape of trestles, with a long piece called a header, at the sides of which, near each end, were nailed legs or supports braced together, that being the ordinary mode of construction. The headers were of hemlock wood. When the horses were completed and ready for use and the boards put upon them, the plaintiff was instructed to go upon the scaffold thus erected and assist in putting in place some of the ceiling boards. He did so and stood immediately over one of the horses. It broke under his weight and he fell to the floor, sustaining very grave injuries. The cause of the breaking of the header of the horse over which he stood was that it was cross-grained and improper for the use to which it was applied. It was claimed by the defendant that the timber used for the header of the horse had been cut or sawed at one point, and there was a knot at another, and that an oblique fracture which was disclosed upon an examination after the accident proved that; and that the defect could have been discovered by a simple casual inspection, but the verdict of the jury on conflicting evidence shows that the real cause was that stated by the plaintiff's witnesses, and that the condition of the header was not such as the defendant claimed.

Before the horses were constructed the fellow-servants of the plaintiff sought information from the defendant Todd and from his foreman, Valentine, as to material with which the scaffold should be constructed, and more particularly with reference to the horses. On the fourth floor of the building was lying material, which Todd directed the fellow-servants of the plaintiff to use in constructing the horses. The witnesses for the plaintiff testify that they were expressly directed by the defendant to use that material. The case is not, therefore, one in which the fellow-servants of the plaintiff were at liberty to make their own selection of material from lumber found in or about the premises, but they were directed by the defendant, according to some witnesses, and by Valentine, the superintendent or foreman, according to another witness, to use the particular material which was then lying on the floor near them.

It was the duty of the master to furnish a scaffold for the men to stand on; or it was his duty to furnish them with the material out of which that scaffold could be constructed; he took upon him-

self, in the present case, the responsibility of directing what material should be used, and his workmen were justified in using that material. There was no duty devolving upon them of selecting from a mass of material that which should be fit, appropriate and safe.

We are not called upon to consider in this case the subject of liability of an employer, where a servant is injured partly through the negligence of the employer and partly through that of fellow-servants; for here the proof accepted by the jury established that there was no more material, the use of which was directed by the defendant, than just enough to make the five headers for the five horses. That is the testimony of Springsteel and of Daly. There was no opportunity of selection, therefore, given to the fellow-servants of the plaintiff. They were not required to separate and select good material from a mass. Regardless of other conditions, the proof is clear that the header timber was defective, improper and unsafe for use; that its use was so ordered by the defendant; that there was nothing else to be used for the purpose, and that the defects were not apparent to an ordinary observer. The plaintiff was entitled to rely, under the circumstances, upon his employer furnishing him with a safe place on which to work. The duty the defendant owed to the plaintiff in that respect was not performed, and by reason of the negligence of the defendant the accident happened and the injuries were sustained.

The judgment and order appealed from should be affirmed, with costs.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment and order affirmed, with costs.